IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

LYNN HARTER individually and on )
behalf of all others similarly situated )
)
v. ) NO. 3:10-0968
) JUDGE CAMPBELL
BEACH OIL COMPANY, INC. )

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction (Docket No. 17). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

In July 2010, Plaintiff withdrew cash using two ATMs owned by Defendant Beach Oil. Plaintiff alleges neither ATM had a notice, nor any other sign, affixed to or in close proximity, to them that the use of the ATMs would or may result in a surcharge. (Docket No. 11). Plaintiff alleges she was in fact assessed a $2.50 ATM surcharge fee from each machine.

Plaintiff filed a class action on behalf of herself and all others similarly situated pursuant to Fed. R. Civ. P. 23(a), (b)(1), (b)(3). Plaintiff seeks to represent a class of similarly situated persons, consisting of (a) all consumers (b) who initiated an electronic funds transfer at the Beach Oil ATMs described in the complaint and (c) were assessed a fee for withdrawing cash from the Beach Oil ATMs.

Plaintiff alleges she, and each member of the proposed class, were illegally charged an ATM fee as a result of Defendant's failure to comply with the ATM fee notice requirements of

1

the Electronic Fund Transfer Act ("EFTA"). The EFTA requires specific disclosures be given by operators of ATMs to users of ATMs prior to the imposition of a fee for using the machine. 15 U.S.C. § 1693b.

Plaintiff does not seek actual damages, but seeks statutory damages, costs and attorneys' fees under 15 U.S.C.§1693m of the EFTA.

On December 9, 2010, Beach Oil served Plaintiff with an Offer of Judgment, pursuant to Fed. R. Civ. P. 68, which Defendants allege equals or exceeds Plaintiff's maximum recover in this case. The Offer of Judgment includes payment of $2,000.00 to Plaintiff (double the maximum amount of statutory damages recoverable under the EFTA), plus reasonable attorney's fees and costs.

The case is not certified as a class action, nor has Plaintiff filed a Motion for Class Certification, although by previous order, Plaintiff has been given until October 4, 2011 to file her Motion for Class Certification.

Defendant alleges the Court no longer has Article III subject matter jurisdiction because the Offer of Judgment moots Plaintiff's claims, and as such, no longer has a "personal stake" in the proposed class action, therefore giving Plaintiff neither a case nor a controversy with which to proceed with her claim in this Court.

## ANALYSIS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads

2

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

Plaintiff's claims, taken as true by this Court, contain sufficient factual matter to state a claim that is plausible on its face. Defendant argues Plaintiff's claims are mooted by their Offer of Judgment (Docket No. 17-1), because it is equal to or exceeds the maximum amount of recovery Plaintiff could obtain if her case continues through to fruition. Although Defendant has made an Offer of Judgment, Plaintiff has not accepted it. An unaccepted offer is considered withdrawn, and evidence of an unaccepted offer is not admissible except in a proceeding to determine costs. Fed. R. Civ. P. 68(b). Since this case is not settled as to all claims, the Court continues to have Article III subject matter jurisdiction.

For the foregoing reasons, Defendant's Motion to Dismiss (Docket No. 17) is DENIED

IT IS SO ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE