UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LYNN HARTER individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 3:10-0968<br>) JUDGE SHARP<br>) |
| BEACH OIL COMPANY, INC., | )<br>)<br>) |
| Defendant. | ) |

# MEMORANDUM

Pending before the court is a Motion to Amend the April 15, 2011 Order to Provide for Interlocutory Appeal[1] (Docket Entry No. 32) filed by Defendant Beach Oil Company, Inc., to which Plaintiff Lynn Harter has filed a response (Docket Entry No. 34).

For the reasons discussed below, Defendant's motion will be granted and certified for interlocutory appeal on the issue of whether Defendant's Fed. R. Civ. P. 68 Offer of Judgment completely satisfies Plaintiff's individual claims, requiring dismissal for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), in an uncertified, putative class action where there is no pending motion for class certification.

---

[1] Although Defendant labels its motion as a "Motion to *Amend* the April 15, 2011 Order to Provide for Interlocutory Appeal", the only amendment Defendant seeks is "a statement [included in the Order] certifying [it] for interlocutory appeal." (*See* Docket Entry No. 33 at 1). Consequently, the court will treat Defendant's filing as a 28 U.S.C. § 1292(b) motion for leave to bring an interlocutory appeal.

1

## PROCEDURAL HISTORY

Plaintiff has filed a class action suit on behalf of herself and all others similarly situated seeking damages for Defendant's alleged violations of 15 U.S.C. § 1693 *et seq.*, which is commonly known as the Electronic Fund Transfer Act and 12 C.F.R. § 205 *et seq.* ("EFTA").[2]

Plaintiff alleges she, and each member of the proposed class, were illegally charged an ATM fee as a result of Defendant's failure to comply with the ATM fee notice requirements of the EFTA. Plaintiff does not seek actual damages, but seeks statutory damages, costs and attorney's fees under 15 U.S.C. §1693m of the EFTA.

The case is not yet certified as a class action, nor has Plaintiff filed a Motion for Class Certification. By previous order (Docket Entry No. 22), Plaintiff has been given until October 4, 2011, to file her Motion for Class Certification.

On December 9, 2010, Defendant served Plaintiff with an offer of judgment, pursuant to Fed. R. Civ. P. 68, which Defendant alleges equals or exceeds Plaintiff's maximum recovery with respect to her individual claims. It includes payment of $2,000.00 to Plaintiff, plus reasonable costs including attorneys' fees and expenses, in an amount to be determined by the court. The offer of judgment was not accepted.

Thereafter, Defendant filed a motion to dismiss the action for lack of subject matter jurisdiction (Docket Entry No. 17), and following full briefing on the motion, the court denied the motion to dismiss in a Memorandum and Order entered on April 15, 2011. (Docket Entry Nos. 28 & 29).

---

[2] Unless otherwise noted, the facts and allegations are drawn from the parties' submissions and Plaintiff's Amended Complaint (Docket Entry No. 4).

On April 26, 2011, Defendant filed a motion to clarify and to alter or amend the court's April 15, 2011 opinion. (Docket Entry No. 30). The motion was denied. (Docket Entry No. 31).

Defendant now seeks permission from the court to bring an interlocutory appeal to the Sixth Circuit Court of Appeals on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

## **ANALYSIS**

Defendant seeks an interlocutory appeal under 28 U.S.C. § 1292(b)[3] on the issue of whether Defendant's Offer of Judgment completely satisfies Plaintiff's individual claims, requiring dismissal for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), in an uncertified, putative class action where there is no pending motion for class certification. The final order was entered as to this issue on April 15, 2011. The Sixth Circuit has jurisdiction over interlocutory appeals from final orders of the district court pursuant to 28 U.S.C. § 1291. *Huckaby v. Priest*, 636 F.3d 211 (6th Cir. 2011). Interlocutory appeals may be granted when there is substantial ground for differing opinions regarding a controlling issue of law and when an immediate appeal from the order would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Nevertheless, certification under Section 1292(b) is to be "sparingly" applied. *In re City of Memphis,* 293 F.3d 345, 350 (6th Cir. 2002).

Section 1292(b) applies to interlocutory orders that are not otherwise appealable and requires the existence of three elements: (1) the issue must involve a controlling question of law,

---

[3] Section 1292(b) states: "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order."

(2) there must be a substantial ground for difference of opinion about the issue, and (3) an immediate appeal must materially advance the ultimate termination of the litigation. *Id.* An "interlocutory appeal is favored where reversal would substantially alter the course of the district court proceedings or relieve the parties of significant burdens." *Gaylord Ent'mt Co. v. Gilmore Ent'mt Group*, 187 F. Supp. 2d 926, 957 (M.D. Tenn. 2001). After reviewing the briefs submitted by the parties and the record in this case, the court is of the opinion that this issue qualifies for interlocutory review under Section 1292(b).

First, the issue involves a controlling question of law, that is, one that "could materially affect the outcome of the case." *City of Memphis*, 293 F.3d at 351. Whether a putative class representative's claim is mooted by a Rule 68 offer of judgment so as to defeat federal subject matter jurisdiction is a controlling question of law. If it is determined by the Sixth Circuit that a Rule 68 offer of judgment satisfying a plaintiff's claim (proffered prior to a motion for class certification and unaccepted by a plaintiff) renders a claim moot, this court would no longer retain jurisdiction and the case should be dismissed. If, however, the contrary holds true, a representative plaintiff would be allowed to proceed accordingly with class certification. Certainly, the resolution of this legal issue "could materially affect the outcome" of this litigation.

Second, there is a substantial ground for difference of opinion on this issue. A substantial ground for difference of opinion may exist where the Sixth Circuit "has not rendered a decision on the matter," and the relevant authorities are "susceptible to competing interpretations." *West Tenn. Chapter of Assoc. Builders and Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2000). There appears to be no controlling Sixth Circuit precedent on

this precise issue.[4] Further, there is a substantial ground for difference of opinion on this matter. As Defendant repeatedly cites in support of its proposition, several courts have concluded a plaintiff cannot avoid mootness by merely rejecting a Rule 68 offer of judgment providing all the relief to which it is entitled. *Lomas v. Emergency Medical Billing*, 2008 U.S. DIST. LEXIS 65480 (D. Utah 2008); *Abrams v. Interco*, 719 F.2d 23, 26 & 32-40 (2nd Cir. 1983); *Zimmerman v. Bell*, 800 F.2d 386, 388 & 390 (4th Circ. 1986). (Docket Entry Nos. 18 at 4 and 33 at 4). In such instances, the proper remedy is to grant a Fed. R. Civ. P. 12(b)(1) motion to dismiss. *Id.*

In contrast, Plaintiff has directed the court to *Beaudry v. Telecheck Services, Inc.*, 3:07-cv-0842, wherein *Weiss v. Regal Collections,* 385 F.3d 337 (3d Cir. 2004), is discussed at length. (Docket Entry No. 34 at 5). *Weiss* is similar to the present case in that the Rule 68 offer of judgment was made prior to the plaintiff moving for class certification. *Id.* at 339. The *Weiss* court was troubled with a class action defendant's ability to essentially "pick off" named plaintiffs by mooting their private individual claims through a tendered judgment before an affirmative ruling on class certification could be obtained. *Id.* at 343 (citing *Bank v. Roper*, 445 U.S. at 339). Consequently, there is a substantial ground for difference of opinion here among the courts.

Finally, an immediate appeal would materially advance the ultimate termination of the litigation. An interlocutory appeal materially advances the ultimate termination of the litigation when it "save[s] judicial resources and litigant expense." *West Tenn. Chapter of Assoc. Builders*,

---

[4] Although throughout their briefs the parties reference *Carroll v. United Compucred Collections, Inc.,* 399 F.3d 620 (6th Cir. 2005)*, Carroll* is dissimilar to the present case in that a motion for class certification was pending and a Rule 68 offer of judgment was made not only to the Carrolls, but also to the putative class. Another distinguishing factor is that the defendant moved to dismiss the claim as moot prior to the offer being accepted.

138 F. Supp. 2d at 1026. If it is determined by the Sixth Circuit that a Rule 68 offer of judgment satisfying a plaintiff's claim (proffered prior to a motion for class certification and unaccepted by a plaintiff) renders a claim moot, the court would no longer retain jurisdiction and therefore dismiss the claim– wherein no more costs would be expended by either party. The standard is satisfied here, and, therefore, the court will certify the issue of whether Defendant's Offer of Judgment completely satisfies Plaintiff's individual claims, requiring dismissal for lack of jurisdiction, in an uncertified, putative class action where there is no pending motion for class certification.

## CONCLUSION

For the reasons discussed herein, Defendant's motion will be granted and certified for interlocutory appeal on the issue of whether Defendant's Fed. R. Civ. P. 68 Offer of Judgment completely satisfies Plaintiff's individual claims, requiring dismissal for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), in an uncertified, putative class action where there is no pending motion for class certification.

An appropriate order will enter.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE