# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LYNN HARTER, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BEACH OIL COMPANY, INC., | ) ) |
| Defendant. | ) ) |

No. 3:10-cv-0968

Judge Sharp

## MEMORANDUM

Plaintiff Lynn Harter filed this proposed class action alleging that Defendant Beach Oil Company's failure to provide certain fee notices on two of its automated teller machines violated the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq.* Pending before the Court is Harter's amended motion for class certification pursuant to Federal Rule of Civil Procedure 23. (Docket No. 47). The parties have fully briefed the motion. (Docket Nos. 48, 54, & 63). For the reasons that follow, the Court GRANTS the motion.

## BACKGROUND

The Electronic Fund Transfer Act (EFTA), 15 U.S.C. § 1693, *et seq.*, and its implementing regulations, 12 C.F.R. § 205.1, *et seq.*, require an operator of an automated teller machine (ATM) that charges a transfer fee for an electronic fund transfer to inform ATM users of "the fact that a fee is imposed" and "the amount of any such fee." 15 U.S.C. § 1693b(d)(3)(A)(i)–(ii). During the period relevant to this suit, the statute obligated the ATM operator to provide two separate notices, the first "posted in a prominent and conspicuous

location on or at" the machine, *id*. § 1693b(d)(3)(B)(i),[1] and the second "on the screen . . . or on a paper notice issued from [the] machine" before the fee was charged, *id*. § 1693b(d)(3)(B)(ii).

The EFTA imposes strict liability on ATM operators who do not comply with its disclosure requirements. *See Clemmer v. Key Bank Nat'l Ass'n*, 539 F.3d 349, 355 (6th Cir. 2008) (noting that "the on-screen notice provision is a strict-liability requirement," and citing statutory language that pertains to both the on-screen and on-machine notice provisions); *see also Bisbey v. D.C. Nat'l Bank*, 793 F.2d 315, 318–19 (D.C. Cir. 1986); *Burns v. First Am. Bank*, 2006 WL 3754820, at *6 (N.D. Ill. Dec. 19, 2006). That said, the statute also makes available certain safe-harbor defenses to liability. For example, if an on-machine notice was posted but "subsequently removed, damaged, or altered by any person other than the operator," the operator is not liable. 15 U.S.C. § 1693h(d). Similarly, no liability attaches if a violation was not intentional, resulted from a bona fide error, and the operator had in place reasonable procedures to avoid such errors. *Id*. § 1693m(c).

A plaintiff who proves an EFTA violation is entitled to actual and statutory damages. *Id*. § 1693m(a). If a plaintiff sues individually, statutory damages range between $100 and $1000. *Id*. § 1693m(a)(2)(A). In the class-action context, however, there is no floor on statutory damages and, as for a ceiling, the Court may only award the lesser of $500,000 or one percent of the defendant's net worth. *Id*. § 1693m(a)(2)(B).

Beach operates retail outlets, which include convenience stores and fast-food establishments. Sixteen of those outlets in Kentucky and Tennessee have ATMs in them.

---

[1] An amendment to the EFTA enacted after the period at issue here eliminated the on-machine notice requirement. *See* Act of Dec. 20, 2012, Pub. L. No. 112–216, 126 Stat. 1590. Because Congress did not explicitly direct retroactive application of the amendments, and because Beach does not argue the amended law bears on this case, the Court relies on the statute as it existed when the alleged violations occurred.

2

(Docket No. 54 at 4). Beach's ATMs impose a $2.50 transaction fee on consumers. (*Id*. at 8–9). Lynn Harter was charged the $2.50 fee when she withdrew money on July 23, 2010, from a Beach ATM located at 601 North Riverside Drive in Clarksville, Tennessee. (*Id*.). Beach charged Harter the same fee when she withdrew cash on July 31, 2010, from a Beach ATM located at 1801 Ashland City Highway in Clarksville, Tennessee. (*Id*.) Harter maintains that the machine did not have an on-machine notice, as the EFTA then required. (Docket No. 48 at 13). Days later, two individuals associated with Harter inspected and photographed the two machines she used to show that they lacked the on-machine notices. (Docket No. 56-2 at 2).

For its part, Beach admits the two ATMs in question did not have the required on-machine notices when Harter used them. (Docket No. 54 at 4). When the Ashland City Highway machine was installed in January 2010, Beach failed to place the notice on it. (*Id*.) And when the North Riverside Drive ATM went into operation in May 2010, it also lacked the required notice. (*Id*.) Beach posted proper notices on both machines on October 18, 2010. (*Id*.) During the periods when they were without on-machine notices, the two ATMs cumulatively logged 6,108 transactions. (*Id*.)

Harter sued Beach on October 14, 2010, on behalf of herself and those similarly situated to recover statutory damages only; she does not ask for actual damages. (Docket No. 1 at 2–3). As the EFTA provides a one-year statute of limitations, *see* 15 U.S.C. § 1693m(g), Harter seeks to certify the following proposed class:

> All consumers who initiated an electronic funds transfer at Beach Oil Company, Inc. ATMs located at (1) 601 N. Riverside Dr., Clarksville, TN; and (2) 1881 Ashland City Highway, Clarksville, TN; and were assessed a fee for withdrawing cash from the ATM located at (1) 601 N. Riverside Dr., Clarksville, TN between May 1, 2010 and October 18, 2010; and the ATM at (2) 1881 Ashland City Highway, Clarksville, TN between October 16, 2009 and October 18, 2010 the date Defendant posted a compliant notice on the ATMs (the "Class Period").

3

(Docket No. 47).

## ANALYSIS

In nearly all material respects, this case is similar to *Christy v. Heritage Bank*, No. 3:10-cv-874 (M.D. Tenn. filed Sept. 20, 2010), another putative class action filed in this Court that alleges violations of the EFTA based on an ATM operator's alleged failure to post on-machine fee notices. As here, the plaintiff in *Christy* moved the Court to certify under Federal Rules of Civil Procedure 23(a) and 23(b)(3) a class of all individuals charged a fee when on-machine notices were allegedly not posted. Also as here, the plaintiff in *Christy* sought to recover only statutory damages. And just like in this case, the defendant bank in *Christy* argued that class certification should be denied because, first, the plaintiff's alleged credibility problems made him an inadequate representative of the class and, second, a class action was not a superior mechanism to adjudicate the class members' EFTA claims.[2]

In an order and accompanying memorandum entered on November 8, 2013, the Court granted class certification in *Christy*. *See* No. 3:10-cv-874 (M.D. Tenn.) (docket entries 59 and 60). Because *Christy* and this case are analytically indistinguishable, cycling through Rule 23's prongs again serves no purpose. Accordingly, this memorandum incorporates by reference *Christy*'s class-certification analysis[3] and GRANTS Harter's motion for the reasons stated in that earlier memorandum.

---

[2] That the claims and arguments the parties asserted in *Christy* are parallel to those made here is unsurprising, given that the same attorneys represent the parties in both cases.

[3] With one minor exception: unlike in *Christy*, Beach does not contest Harter's ability to establish the predominance requirement of Rule 23(b)(3), making *Christy*'s analysis of that requirement inapplicable here.

4

Further, the Court will amend Harter's proposed class period for the ATM at 1881 Ashland City Highway to reflect the undisputed fact that Beach did not operate this machine until January 2010. (Docket Nos. 64-11 at 7–8 & 58 at 2).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Harter's motion for class certification (Docket No. 47) and certifies the following class:

> All consumers who initiated an electronic funds transfer at Beach Oil Company, Inc. ATMs located at (1) 601 North Riverside Drive, Clarksville, TN; and (2) 1881 Ashland City Highway, Clarksville, TN; and were assessed a fee for withdrawing cash from the ATM located at (1) 601 North Riverside Drive, Clarksville, TN between May 1, 2010, and October 18, 2010; and (2) 1881 Ashland City Highway, Clarksville, TN between January 1, 2010, and October 18, 2010, the date Defendant posted a compliant notice on the ATMs (the "Class Period").

An appropriate Order will be entered.

*Kevin H. Sharp*
_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE