# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| **LYNN HARTER individually and on behalf of all others similarly situated,** | ) ) ) | |
| **Plaintiff** | ) ) | |
| **vs.** | ) ) | **Civil Action No.: 3:10-0968** |
| | ) | **JUDGE SHARP** |
| **BEACH OIL COMPANY, INC.,** | ) | **MAGISTRATE GRIFFIN** |
| | ) | **Class Action** |
| **Defendant** | ) | |

## ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, DIRECTING THE DISSEMINATION OF NOTICE AND SCHEDULING A FINAL APPROVAL HEARING

The Court has considered the Class Action Settlement Agreement and its exhibits, the Parties' motion for an order preliminarily approving a class action settlement, directing the dissemination of notice and setting a final settlement hearing, and all other papers filed in this action. The matter having been submitted and good cause appearing therefore:

The Court finds as follows:

1.      All defined terms contained herein shall have the same meanings as set forth in the Class Action Settlement Agreement executed by the Settling Parties and filed with this Court (the "Settlement Agreement")[1];

2.      The Class Representative and the Defendant Releasees, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation;

3.      The Court preliminarily concludes that, for the purposes of approving this settlement, the proposed Rule 23 Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that joinder of

---

[1] Exhibit 1.

all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Class, and there is a well-defined community of interest among members of the proposed Class with respect to the subject matter of the Litigation; (c) the claims of Class Representative Darrin Christy are typical of the claims of the members of the proposed Class; (d) Class Representative Darrin Christy will fairly and adequately protect the interests of the Members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) Eric G. Calhoun, Henry Todd and B. J. Wade, the counsel of record for the Class Representative are well-qualified to serve as counsel for the Class and will more than adequately represent the Class; and (g) common issues will likely predominate over any potential individual issues;

4.     The moving parties also have presented to the Court for review a Class Action Settlement Agreement.  The Settlement Agreement proposes a Settlement that is within the range of reasonableness and meets the requirements for preliminary approval; and

5.     The moving parties have presented to the Court for review a plan to provide notice to the proposed Class of the terms of the settlement and the various options the Class has, including, among other things, the option for Class Members to opt-out of the class action; the option to be represented by counsel of their choosing and to object to the proposed settlement; and/or the option to become a Participating Claimant.  The notice will be published in the newspaper, on the ATMs and by internet website consistent with the Settlement Agreement.  The notice proposed by the Settling Parties is the best practicable under the circumstances, consistent with Fed. R. Civ. P. 23(c)(2)(B), and satisfies due process.

Good cause appearing therefore, IT IS HEREBY ORDERED that:

1.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class Action Settlement Agreement is preliminarily approved and Henry Todd, Eric G. Calhoun and B. J. Wade are appointed counsel for the Class;

2.     Notice of the proposed settlement and the rights of Class Members to opt in and/or out of the settlement and/or to become a Participating Claimant shall be given by issuance of publication notice consistent with the terms of the Settlement Agreement by >i `nï Z&S%}"

3.    A hearing shall be held before this Court on : f]XLãšzGãdHã Vf`8) z&S%jZUr%S.SS U'a "
to consider whether the settlement should be given final approval by the Court:

(a)    Written objections by Class Members to the proposed settlement will be
considered if received by Class Counsel on or before the Notice Response Deadline;

(b)    At the Settlement Hearing, Class Members may be heard orally in support of or, if
they have timely submitted written objections, in opposition to the settlement;

(c)    Class Counsel and counsel for Defendant should be prepared at the hearing to
respond to objections filed by Class Members and to provide other information as appropriate, bearing on
whether or not the settlement should be approved; and,

4.    In the event that the Effective Date occurs, all Class Members will be deemed to
have forever released and discharged the Released Claims.  In the event that the Effective Date does not
occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have
no effect whatsoever.

DATED: R`}^ÁrïÊÆ0ÉFí   _____

_____
UNITED STATES DISTRICT JUDGE